[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 11-13291
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
FEB 15, 2012
JOHN LEY
CLERK

D.C. Docket No. 1:09-cv-20852-ASG


RICARDO R. RIVERO,

                                                            Plaintiff-Appellant,

versus

DAVID GEORGE TAYLOR,
SHEILA LEAL,
FLORIDA DEPARTMENT OF REVENUE,
BARBARA INGRAM,
in her official capacity only,
FLORIDA DISBURSEMENT UNIT, et al.,

                                                            Defendants-Appellees.


_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(February 15, 2012)

Before HULL, WILSON, and BLACK, Circuit Judges.

PER CURIAM:

Ricardo R. Rivero, proceeding pro se, appeals the district court's denial of his motion for reconsideration. Rivero's second amended complaint and his arguments on appeal are largely incomprehensible, but it appears that he is displeased with a state court's final determination in a case involving his duty to pay child support. He filed suit in federal court and named as defendants his former wife and other individuals and agencies involved with the child support case. Below, the district court dismissed the second amended complaint because it found that Rivero had not alleged any factual allegations that would support a claim for relief. The district court also dismissed the case because the complaint did not contain a short and plain statement of his claim, and Rivero had been warned about the pleading requirement of Rule 8 and was given three opportunities to file a complaint that complied with the Federal Rules of Civil Procedure. Fourteen days after his complaint was dismissed, Rivero filed a motion that the court construed as a motion for reconsideration under Federal Rule of Civil Procedure 60(b). Along with his motion, Rivero filed documents he alleges were newly discovered evidence. After a thorough review of Rivero's request, the district court denied the motion.

We construe pleadings filed by pro se parties liberally. *Alba v. Montford*, 517 F.3d 1249, 1252 (11th Cir. 2008). This liberal construction, however, "does not give a court license to serve as *de facto* counsel for a party, or to rewrite an otherwise deficient pleading in order to sustain an action." *GJR Invs., Inc. v. Cnty. of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir. 1998) (citations omitted), *overruled on other grounds as recognized in Randall v. Scott*, 610 F.3d 701, 709 (11th Cir. 2010) (per curiam).

We review for abuse of discretion a district court's denial of a motion for reconsideration. *Arthur v. King*, 500 F.3d 1335, 1343 (11th Cir. 2007) (per curiam) (holding that a denial of a Rule 59(e) motion is reviewed for abuse of discretion). A Rule 59(e) motion must be filed no later than 28 days after the entry of the judgment. Fed. R. Civ. P. 59(e). The only grounds for granting a Rule 59(e) motion are the submission of newly-discovered evidence or the demonstration of manifest error. *Arthur*, 500 F.3d at 1343. A motion for reconsideration cannot be used "to relitigate old matters, raise argument or present evidence that could have been raised prior to the entry of judgment." *Michael Linet, Inc. v. Village of Wellington, Fla.*, 408 F.3d 757, 763 (11th Cir. 2005). Furthermore, a judgment will not be amended or altered if to do so would serve no useful purpose. 11 CHARLES ALAN WRIGHT, ARTHUR R. MILLER & MARY KAY

3

KANE, FEDERAL PRACTICE & PROCEDURE § 2810.1 (2d ed. 2011).

Rivero's motion should have been construed as a motion under Federal Rule of Civil Procedure 59(e) because it was filed within twenty-eight days of the entry of judgment. Regardless, Rivero's challenge is without merit. Rivero submitted docket sheets and correspondence from various agencies, legislators, and organizations. However, nothing in the correspondence would compel a different outcome in the case. Many of the correspondence communicate the conclusion that Rivero's allegations do not rise to a federal crime. We do not see any arguments or evidence in Rivero's motion that provide the factual allegations that would state a claim for relief. Moreover, none of the evidence attached to the motion excuses Rivero's failure to comply with Federal Rule of Civil Procedure 8(a). The district court did not abuse its discretion in denying Rivero's motion for reconsideration.

To the extent that Rivero also appeals the dismissal of his second amended complaint, we see no argument that would convince us that he has stated a claim for relief or that he should be afforded an opportunity to amend his complaint.

**AFFIRMED**.